## ADVANCEMENT EVIDENCED BY A NOTE.

[Circuit Court of Cuyahoga County.]

JOHN HICKS, ADMINISTRATOR OF THE ESTATE OF ELIZABETH HICKS, v. R. H. HICKS.*

Decided, February 17, 1906.

*Promissory Note—Executed by a Son—Claimed to have been an Advancement—Definitions of Advancement—Presumption—Declarations by Deceased Mother—Competent as Evidence of Intention—Weight of Evidence.*

1. Where a son executed a note in favor of his mother and paid interest thereon, there is a presumption raised that the money evidenced by the note was received by him as a loan.

2. But the presumption thus raised may be overcome by evidence as to the intention of the parties at the time of the transaction and thereafter; and in an action by the administrator of the estate of the mother for recovery on such a note, evidence as to declarations made by the mother to third parties, to the effect that she did not intend the money should be treated as a loan, but as an advancement, are admissions against her interest and are admissible; and if the evidence establishes that it was her intention it should be treated as an irrevocable gift, and the son accepted it with that understanding, it must be so regarded, notwithstanding the execution of the note and the payment of interest thereon.

MARVIN, J. (orally); WINCH, J., and HENRY, J., concur.

Error to the court of common pleas.

The parties here are as they were in the court below. Elizabeth Hicks was the wife of John Hicks. The defendant is their son.

On the 3d of September, 1901, Elizabeth, then being in full life, furnished to her said son the sum of $1,000 toward the purchase of a farm which he bought about that time. The father, John, at the same time furnished the son $2,000 for the same purpose. The son gave to each of his parents his promissory note, bearing interest, for said several sums.

Elizabeth Hicks died intestate in 1904, and the plaintiff is the duly appointed and qualified administrator of her estate. Except payment of interest from time to time made as it became

---

* Affirmed by the Supreme Court without report (76 O. S., ——).

due to his mother in her lifetime, R. H. Hicks has paid nothing on the note given to his mother.

Suit was brought by the administrator on this note. The defendant answered, making no defense except that the money furnished him by his mother was not a loan, but was a gift made by way of advancement to apply on what would be coming to him out of the estate of his mother after her death. The only question at issue in the trial was, whether the money furnished was a loan or an advancement.

The jury returned a verdict for the defendant and judgment was entered in accordance with the verdict. All proper steps have been taken to bring the case before this court for review, as well upon the weight of the evidence as upon questions of law raised at the trial.

No exception to the charge of the court was taken by the plaintiff, nor is it even suggested here that the charge was not in all respects what it should have been. Rulings upon the admission of evidence are, however, complained of, and it is further urged that there was error in overruling the motion of the defendant for a new trial, on the ground that the verdict was against the weight of the evidence and not sustained by sufficient evidence.

The defendant, being incompetent under the statute to testify on the subject, evidence was offered in his behalf of conversations had by others with his mother on the subject of her furnishing him this money as a loan or by way of advancement, and her statements made to various parties of what she intended in regard to the matter, and how she came to take the note, were admitted over the objection of the plaintiff.

Various definitions have been given to the term "advancement" as applied to the distribution of estates. See *Thornton on Gifts*, Section 525; *Woerner's American Law of Administration*, Volume 2, Section 555.

In *Moore* v. *Freeman*, 50 O. S., 594, Judge Spear defines it in these words:

"An irrevocable gift by a parent to a child in anticipation of such child's future share of the parent's estate."

Many of the definitions are broader than this, making it include such gifts to others than children, who at the death of the donor, intestate, would be entitled to distribution in the estate, but under any definition given by the text-books or laid down in the cases, if the money furnished by this mother to her son was intended by her and accepted by him as an irrevocable gift, to be treated as a part of the estate of his mother which would come to him on distribution at her death, then it was an advancement.

The fact that the son gave his note for the money furnished, and paid interest thereon, raises a presumption that the money was borrowed by him. This, however, may be overcome by evidence. See 5 C. C.—N. S., 74, and other authorities.

The intention of the parties at the time the money was furnished determines its character. That this may be shown by the declaration of the donor, where he states that the money furnished was a gift or advancement, rather than a loan, after it was made is admissible as an admission against interest. 56 O. S., 242, and what is said on page 246 we think shows beyond question that the statements made by the mother after or before or at the time, certainly at the time and after the money was furnished, are admissible as admissions against her interest. It was her interest to have this treated as a loan, and when she, if she did so, stated to others that it was not a loan, that she had simply given it to her son to be treated as an advancement or a gift, her statements in that regard are admissible.

Two witnesses testify that Mrs. Hicks stated in reference to the note which she held against her son, that she took his note because her husband made her do so; that she took the note because father insisted that she have a note. It is urged that this is inadmissible; that it is not admissible to show by the statement of one who has furnished money, or rather one who it is claimed has furnished money, to show by the statements of such person that she did furnish the money. It is admitted in this case that she furnished the money, indeed, that is the foundation of the plaintiff's claim and the statements made by her tending to show that she did not take a note for that money with any intention that the note should ever be paid, and that

she did not loan the money to her son, but gave it to him, were admitted. There was no error in the admission of this evidence.

But it is said that the verdict is clearly against the weight of the evidence. The case presents some curious, some sad features. It is a most unhappy thing that this father has thought it best to bring this suit against his son. It is a little difficult to know for what reason he thought it his duty to bring the suit. The evidence of the father himself shows that the estate of the mother is more than enough—counting this as an advancement and counting a like sum furnished to one of his sisters as an advancement—that there is more than enough of the estate so that this son's portion would be fully $1,000, except that the father, being entitled to a distributive portion, could reduce the distributive portion of the children, and that would reduce the portion to which the son, R. H., would be entitled to less than $1,000. The evidence shows—or at least the witnesses testify—that the mother said to her niece—the niece testifies that the mother said to her that the note she had against R. H. Hicks should be delivered to him; that she did not want to retain the note. One of the daughters testifies that the mother said to her that she only took a note because father insisted upon it. Other witnesses testify in a similar manner, that the mother had stated that this money R. H. Hicks had was to be his, a gift. The evidence is not as strong as it sometimes is, and it is barely possible that if the members of the court had been jurors they might have found that the evidence was not of that clear and satisfactory nature to establish that where a note is given by a son to a parent for money furnished by the parent that it was an advancement. Still, the jury were carefully charged by the court that the evidence must be clear and satisfactory. The jury found for the defendant. We are not prepared to say that it was manifest error for them so to find. The result is that the judgment is affirmed.

*T. H. Johnson,* for plaintiff in error.

*Brady & Dowling,* for defendant in error.